**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION**

DETINA EATON
ADC # 707841                                                                                              PLAINTIFF

                          1:07CV00042 WRW/HDY (lead)
V.                             1:07CV00043 WRW/HDY
                             1:07CV00058WRW/HDY

MAPLES *et al.*                                                                                             DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Pending before the Court is the Motion (docket entry #75) of separate Defendants Jones and Pope for dismissal of the claims against them. The claims raised in this action were originally filed in three separate causes of action, all of which have now been consolidated into this case, as is reflected in the caption above. Plaintiff, who filed this action *pro se* but is now represented by appointed counsel, has filed her Response (docket entry #77), and the matter is ripe for disposition. Based on the arguments raised by the separate Defendants as well as the record before the Court, the undersigned recommends that Defendants' Motion be granted.

### I. Standard of Review

In order to withstand a motion to dismiss, a *pro se* plaintiff must set forth enough factual

allegations to "nudge their claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007)(*overruling Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless whether a plaintiff is represented or appearing *pro se*, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir.1985). However, a *pro se* plaintiff's allegations will be construed liberally. *Burke v. North Dakota Dep't. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002)(citations omitted).

Furthermore, the Court, in construing the Complaint, may also consider the attachments thereto. Any written instrument attached to a complaint is considered a part of the complaint, and may be considered in ruling on a motion to dismiss. Fed.R.Civ.P. 10(c); *Quinn v. Ocwen Federal Bank FSB*, 470 F.3d 1240, 1244 (8th Cr. 2006)("[W]ritten instruments attached to the complaint become part of it for all purposes. *See* Fed.R. Civ.P. 10(c). 'For that reason, a court ruling on a motion to dismiss under Rule 12(b)(6) may consider material attached to the complaint.'")(internal citations omitted).

## II. Analysis

The claims at issue here, against Defendants Pope and William Jones, correctional officers at the McPherson Unit of the Arkansas Department of Correction, were raised by Plaintiff in an Amended Complaint (docket entry # 16) filed prior to the Court's appointment of counsel to represent her in these proceedings. Plaintiff also named as Defendants in that pleading John and Jane Doe members of the Arkansas Department of Correction Sex Offender Screening and Risk Assessment Group; those claims will be addressed *infra*.

### A. Motion to Dismiss

Plaintiff alleged that on May 17, 2007, while she was leaving Dr. Edwards's office at the Special Programs Unit, Defendant Pope put his hand in her face and pushed her face to the side as she walked out the door. Defendants have argued in their Motion to Dismiss that this does not state a claim because Plaintiff has not alleged that she suffered any injury as a result of the push, and that this was only a *de minimis* use of force not giving rise to a constitutional claim.

*De minimis* applications of force are excluded from the Eighth Amendment's cruel and unusual punishment calculation, provided that the use of force is not of a sort "repugnant to the conscience of mankind." *Hudson v. McMillan*, 503 U.S. 1, 5 (1992)(*quoting Whitley v. Albers*, 475 U.S. 312, 327 (1986)). The Eighth Circuit has long followed the rule that "not every push or shove violates a prisoner's constitutional rights," *Black Spotted Horse v. Else*, 767 F. 2d 516 (8th Cir. 1985). Moreover, some injury is required in order to establish an Eighth Amendment violation. *Cummings v. Malone*, 995 F. 2d 817, 822-23 (8th Cir. 1993). While the injury need not be "serious," in this instance Plaintiff has alleged no injury at all as a result of the push. Therefore, the Court recommends that the Defendants' motion be granted with respect to dismissal of Plaintiff's claims against Defendant Pope.

For the same reason, Plaintiff's claim against Defendant Jones should be dismissed. Plaintiff alleged in her Amended Complaint that on August 20, 2007, Defendant Jones kicked Plaintiff's cell door. There was no use of force, excessive or otherwise, against Plaintiff's person. Kicking Plaintiff's cell door simply does not amount to a violation of her Eighth Amendment rights because there is no actual injury to Plaintiff herself.

**B. Claims against Doe Defendants**

Furthermore, pursuant to the screening function set forth at § 1915A of the Prison Litigation Reform Act, the Court recommends that Plaintiff's claims against the John and Jane Doe members of the Arkansas Department of Correction Sex Offender Screening and Risk Assessment Group be dismissed as well.[1] Plaintiff alleged in her Amended Complaint (docket entry #16) that in June of 2004 she was assessed as a Level III offender, meaning that upon her release, "Law enforcement agencies, adult members of the household, organizations and community members likely to encounter the offender should be notified." Plaintiff charges that the "assessor" was rude and biased, the risk level assigned was unfair, and that she could be denied a good job or place to live based on this rating. Assuming without deciding that all of Plaintiff's allegations are true, none of these state a claim for relief because Plaintiff has not been released from prison and is not yet subject to the restrictions that might be imposed upon her by her assigned risk level.[2] According to the notification letter sent to Plaintiff and accompanying her Amended Complaint, her Level III rating was assessed in 2004, but is subject to re-assessment of the risk level five years from the date of the assessment

---

[1] Plaintiff's Amended Complaint naming these Defendants was filed shortly before the appointment of her attorney. While service was recently directed as to the identifiable Defendants in the Amended Complaint, the Court has not previously undertaken the necessary screening of Plaintiff's claims against the Doe Defendants. One of the reforms enacted as part of the PLRA for cases in which prisoners are seeking to sue a governmental entity, officer, or employee is the requirement that courts conduct an early screening to weed out claims that clearly lack merit. 28 U.S.C. § 1915A. In conducting the screening, the court is required to identify any cognizable claims and to dismiss the complaint, or any part of it, that is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant. *Id.*

[2] The Arkansas Sex Offender Registration Act, Ark.Code Ann. § 12-12-901 *et seq.*, along with its provisions for assessment of risk levels, has been held constitutional. *Weems v. Little Rock Police Dep't.*, 453 F. 3d 1010 (8th Cir. 2006).

– which is prior to Plaintiff's projected release date.  At this time Plaintiff has not yet suffered any injury in fact from her rating; therefore, this claim should be dismissed pursuant to the Court's screening function under § 1915A.

### III.  Conclusion

Accordingly,

IT IS, THEREFORE, RECOMMENDED  that:

1.  Defendants's Motion to Dismiss (docket entry #75) be GRANTED, and Plaintiff's claims against Defendants Jones and Pope be DISMISSED WITH PREJUDICE; and

2.   Plaintiff's claims against the John and Jane Doe Defendant members of the Arkansas Department of Correction Sex Offender Screening and Risk Assessment Group be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief can be granted.

DATED this     4      day of August, 2008.

_____
UNITED STATES MAGISTRATE JUDGE